McCOMB, J.
I dissent.
On March 21, 1962, Shelton and Victorian, the defendants, rented an apartment on 87th Street in Los Angeles as Mr. and Mrs. Jones, and they took immediate possession.
Defendant Shelton had been under surveillance for some time by police officers because of reputed transactions in heroin and past arrests on narcotic charges, which, however, had not resulted in convictions.
Eunice Baul, who occupied an apartment on Western Avenue in Los Angeles with defendant Shelton, had told police officers about Shelton’s narcotic purchases as a dealer and stated that he was her supplier. In the past she had proved reliable in giving such information.
On March 22, 1962, the officers went to the Western Avenue apartment house. They spoke with the manager, who told them which apartment defendant Shelton and Miss Baul occupied and informed them that some hypodermic needles had been found hidden over the doorway.
The officers waited outside the apartment door until Miss Baul opened the door, apparently to leave. They entered and placed both defendant Shelton and Miss Baul under arrest.
The officers searched defendant Shelton and found a rent receipt for the 87th Street apartment. Defendant Shelton denied knowledge of the receipt, claiming Miss Baul had given it to him; but Miss Baul said that she found the receipt in his car and added: “I know he isn’t going to take me there. That’s where he’s got Margie.” When asked whether defendant Shelton. had any “junk” there, Miss Baul replied, “,,, He could be using that.as a stash pot..for *749 some junk.” No narcotics were found in the Western Avenue apartment.
The officers immediately investigated the 87th Street apartment and learned that defendant Shelton was living there with a woman.
They told defendant Shelton they would take him there for identification by the manager, and Shelton then admitted that he had rented the apartment.
One of the officers asked defendant Shelton, “Who is there now?” and defendant Shelton said, “No one.” The officer asked if he had any “junk” there, and Shelton said, “No.” The officer then said, “How about if we go down and take a look, ’’ and Shelton replied, ‘ ‘All right, go ahead. ’ ’
The officers went to the 87th Street apartment with defendant Shelton and knocked on the door. A woman asked who was there. When the officers asked defendant Shelton to respond, he refused.
The officers then announced themselves and demanded that the door be opened. Defendant Victorian opened the door, holding in one hand a hypodermic needle attached to an eyedropper. She was immediately placed under arrest and the apartment searched. Two balloons containing heroin were found in a shoebox. Defendant Victorian told the officers that defendant Shelton had given the balloons to her the preceding night; but she would not repeat the statement before defendant Shelton, and she later denied having made the statement.
This is the sole question to be determined: Was the incriminating evidence obtained by means of an unlawful search and seizure ?
No. Based on information as to defendant Shelton’s past narcotics activities, the officers had reasonable cause to arrest him at the Western Avenue apartment in the company of Miss Baul, an admitted user of narcotics allegedly supplied by defendant Shelton. (People v. Boyles, 45 Cal.2d 652, 656 [9,8b] [290 P.2d 535].)
It is not unreasonable for officers to seek interviews with suspects or witnesses or to call upon them at their homes for such purposes. (People v. Martin, 45 Cal.2d 755, 761 [8] [290 P.2d 855]; People v. McGhee, 196 Cal.App.2d 458, 460 [1] [16 Cal.Rptr. 625].)
In the instant ease the police officers had information intimating that defendant Victorian was living with defendant Shelton at the 87th Street apartment; that she might be a *750 user of narcotics supplied by him, as was the informant, Miss Baul; that as a joint occupant of the apartment defendant Victorian might consent to its search; and that narcotics might be found there.
When defendant Victorian opened the door, she was holding in her hand a hypodermic outfit. (Health & Saf. Code, §11555.) At this point the officers’ information provoking her investigation as a narcotics suspect and the principle of privacy as an individual liberty had to be equated, and it was for the trial court to determine the reasonableness of the officers’ action in the light of the factual situation presented to them, having in mind that their judgment must be formed without undue delay and without the benefit of long meditation. (People v. Alcala, 204 Cal.App.2d 15, 20 [4] [22 Cal.Rptr. 31] [hearing denied by the Supreme Court].)
Under the circumstances, the officers were justified in proceeding with their investigation, entering the 87th Street apartment, and searching there incidental to the arrest of defendant Victorian, who was holding incriminating evidence when they entered.
I would affirm the judgments.
Schauer, J., concurred.